```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

**Ericson Benjamin**                 :
                                     :
                                     :
**v.**                               :     3:03cv1886 (JBA)
                                     :
**Bureau of Customs**                :

### Ruling on Petition for Habeas Corpus [Doc. # 1]

Petitioner Ericson Benjamin, a citizen and native of Trinidad/Tobego, challenges his order of removal on grounds that he is an American national, because he performed non-combatant services in the Armed Forces of the United States, and because he derived United States citizenship from his father, who became a naturalized United States citizen when Benjamin was a minor.

Because Benjamin is challenging his final order of removal, his claims to United States nationality are governed by 8 U.S.C. § 1252(b)(5), which provides:

(A)  Court determination if no issue of fact

   If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

(B)  Transfer if issue of fact

   If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner

>>resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.

>(C) Limitation on determination

>>The petitioner may have such nationality claim decided only as provided in this paragraph.

See Chau v. INS, 247 F.3d 1026, 1028 n. 2 (9th Cir. 2001) ("[O]nce removal proceedings have been initiated, a petition for review under 8 U.S.C. § 1252(b)(5) is the only avenue by which a person may seek a judicial determination of his or her status as a national of the United States.")

Under the express terms of § 1252(b)(5), a citizenship claim must first be presented to the Court of Appeals, which will transfer the petition to the district court if a factual dispute exists.  Under 8 U.S.C. § 1252(b)(1), a petition for review with the Court of Appeals must be filed within 30 days after the date of the final order of removal.  "[C]ompliance with the time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite. . . When a petition is filed late, '[the Court of Appeals has] no authority to consider' it." Malvoisin v. Immigration and Naturalization Service, 268 F.3d 74, 75 (2d Cir. 2001).  The Second Circuit explained that it was "expressly prohibited from extending the prescribed time, even for good cause, to file 'a notice of appeal from or a petition to enjoin, set aside, suspend, modify, enforce, or otherwise review

an order of an administrative agency.'  The rule for review of agency proceedings grants no discretion to enlarge the time for filing."  Id. at 76 (quoting Fed. R. App. P. 26(b)(2), other citations and internal quotation marks omitted).  Because a final order of removal was entered against Benjamin on October 9, 2001, see [Doc. # 5, Ex. D], he had until November 7, 2001 to file his petition with the Court of Appeals.  The petition was instead filed in this Court on November 3, 2003.  Because the petition was time-barred when filed, the Court of Appeals would have no jurisdiction over petitioner's claim, and there is thus no basis for transferring it to the Second Circuit for consideration in the first instance.

    Benjamin remains able to file an Application for Certificate of Citizenship on a Form N-600 with the Attorney General.  Title 8 U.S.C. § 1452(a) provides that "[a] person who claims to have derived United States citizenship through the naturalization of a parent or through the naturalization or citizenship of a husband, . . . may apply to the Attorney General for a certificate of citizenship."  See also 8 C.F.R. § 341.1 ("An application for a certificate of citizenship by or in behalf of a person who claims to have acquired United States citizenship under section 309(c) or to have acquired or derived United States citizenship as specified in section 341 of the Act shall be submitted on Form N-600 in accordance with the instructions thereon, accompanied by

the fee specified in § 103.7(b)(1) of this chapter.  The application shall be supported by documentary and other evidence essential to establish the claimed citizenship, such as birth, adoption, marriage, death, and divorce certificates.").  "An alien is entitled to apply for a certificate of citizenship regardless of a final removal order." <u>Ewers v. I.N.S.</u>, No. Civ. 3:03CV104 (AHN), 2003 WL 2002763, at *2 (D. Conn., Feb. 28, 2003) (citing <u>Alexander v. INS</u>, No. Civ. 96-147, 1997 WL 97114, at *1, n. 2 (D .Me. Feb. 27, 1997) (noting that administrative proceedings involved in an application for a certificate of citizenship are "separate and distinct" from deportation proceedings)).  That application, if denied, would then proceed through the administrative appeals process, with opportunity for further court or agency review.  <u>See</u> 8 C.F.R. § 103.3(a); 8 U.S.C. § 1503(b) (providing that persons outside the United States whose citizenship application has been administratively denied may apply to a diplomatic or consular officer of the United States for a certificate of identity for the purpose of traveling to a port of entry in the United States and applying for admission); 8 U.S.C. § 1503(a) (providing for declaratory judgment action by persons within the United States whose citizenship application has been administratively denied).[1]

---

[1] In his amended supplemental response to order to show cause, petitioner argues that the Immigration Judge erred in finding him ineligible for 212(c) relief.  For the reasons set

Because this Court lacks jurisdiction over petitioner's claim, the Petition for Writ of Habeas Corpus [Doc. # 1] is DENIED.  The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/

_____Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 18th day of August, 2005.**

---

forth in this Court's decision in Benjamin's habeas petition in the related case No. 3:03cv1172, the Immigration Judge's decision was not in error.